THE PEOPLE v. JOHN RINGSTED.

*Criminal law—Open saloon on Sunday—Information—Conduct of counsel.*

1. This case is ruled by *People v. Cox*, 70 Mich. 247, and the respondent was properly convicted.

2. It is sufficient in an information for failing to keep a saloon closed on Sunday to aver that the saloon is situated in a designated city and county in this State.

3. A room connected with a saloon, where sales of liquor can be made on Sundays and after hours, and where liquors are served from the saloon on week-days, is a part of the saloon; citing *People v. Higgins*, 56 Mich. 159; *People v. Scranton*, 61 Id. 244; *People v. Cox*, 70 Id. 247.[1]

4. It is not error for the prosecuting attorney, on the trial of a respondent for failing to keep his saloon closed on Sunday, to read portions of the statute to the jury, and to emphasize the provision that it shall not be necessary to prove that any liquor was sold.

5. A request by the prosecuting attorney in his argument to the jury that they apply to the facts before them, inside of the jury-room, the same good common sense that they would exercise in coming to a conclusion upon the same state of facts outside of the jury-room, is not open to the objection that it is an appeal to the jury to use their imagination, and to go outside of the legitimate proof in the case to draw unwarrantable inferences.

6. Where, on the trial of a saloon keeper for failing to keep his saloon closed on Sunday, it appears that an adjoining room, containing a temporary bar, and where liquors were served on week-days, was open, it is not necessary to show that such liquors were paid for in said room.

Exceptions before judgment from Muskegon. (Dickerman, J.) Argued February 10, 1892. Decided February 19, 1892.

Respondent was convicted of failing to keep his saloon

---

[1] See *People v. Hughes, ante*, 368.

closed on Sunday. Conviction affirmed, and court advised to proceed to judgment. The facts are stated in the opinion.

*DeLong & O'Hara*, for respondent.

*A. A. Ellis*, Attorney General, and *Willard J. Turner*, Prosecuting Attorney, for the people.

MORSE, C. J. The respondent keeps an hotel in the city of Muskegon. Within his hotel building he has a saloon, connected with the hotel office by a door. The wash-room also has a door opening into the saloon. Back of the saloon is a hallway, into which the office and the saloon open by doors. A door leads from the hallway out of the building in the rear; and in the hallway, a distance of 10 or 12 feet from the saloon door, is a door leading into a little room, called the "Greenroom."

The respondent was convicted of the offense of keeping his saloon open, and not closed, on Sunday, the 11th day of October, 1891. The testimony in behalf of the people showed that two police officers, Beach and Hammond, on this Sunday, went into this hallway from the rear of the building, and rapped at the door of this greenroom, which was locked. It was opened by Ringsted, and the officers went in, and stayed for a few moments. There was a man by the name of William Hunt in the room when the officers rapped. He was not there when they went in, and what became of him is not shown by the evidence, but there is a door leading from this room out into the back yard. There was a temporary bar built in this room, of rough boards. There were empty beer and liquor glasses on the bar, and cases of bottles behind the bar, and bottled goods and decanters under the bar,—liquor bottles under the bar. The officers saw no liquor sold there on that day, but had seen men

drinking in the same room on week-days; never saw any money paid for liquors in that room.

There was no testimony given on the part of the respondent.

The defendant was properly convicted. The case is ruled by *People v. Cox*, 70 Mich. 247.

It is assigned as error that the court refused to grant the request of respondent, before any testimony was taken, that the prosecuting attorney state the location, the particular place, the street and number, where the saloon charged to have been unlawfully opened was situated. The information charged that the saloon was situated in the city and county of Muskegon and State of Michigan. This was sufficient.

It is contended that this greenroom was no part of the saloon, and, as the saloon was not shown to have been open on that day, the respondent should have been acquitted; that the statute (Act No. 313, Laws of 1887) provides that—

"All saloons, restaurants, bars in taverns or elsewhere, and all other places except drug-stores,   *   .*   *   shall be closed on the first day of the week, commonly called 'Sunday.'   *   *   *   *   *   *   *   *   *   *   *"

From this statute it is argued that, to warrant a conviction upon the evidence, the information should have charged that a bar, locating it, was kept open, and not closed, in the hotel of the respondent; that this bar in the greenroom was a separate institution from the saloon. This contention is untenable. This room was plainly an adjunct of the saloon, where sales could be made on Sundays and after hours, and where liquors were served from the saloon on week-days. It was a part of the saloon. See *People v. Cox*, 70 Mich. 247; *People v. Higgins*, 56 Id. 159; *People v. Scranton*, 61 Id. 244.

It is complained that the prosecuting attorney read

portions of the statute to the jury, particular stress being laid on the passage, "It shall not be necessary to prove that any liquor was sold." There was no error in this.

The respondent's counsel, in his argument to the jury, said, substantially, as follows:

"This greenroom is no part of the saloon proper. There is no evidence in this case that any sale of malt, brewed, vinous, spiritous, or intoxicating liquor was ever made in that room, and no evidence that any of these liquors were ever kept for sale there. I apprehend that the court will charge you that, before you can convict the respondent, you must be satisfied from the evidence, and from nothing else, that at some time, whether it be upon the Sunday in question or any other day, sale was made in this greenroom, or that liquors were kept there for sale."

The prosecuting attorney, in his closing argument in reply to this, said:

"Your common sense must tell you that sales were made there. What does your common sense tell you?   *   *   *   I ask you to use your common sense.   *   *   * Have you any doubt? Use your common sense. Don't wipe that out of the case. If you do, of course you can bring in a verdict most any way. Use your common sense. Have you any doubt but what that was a saloon, open for business?"

It is claimed that this was an appeal to the jury to use their imagination, and to go outside of the legitimate proof in the case to draw unwarrantable inferences. We do not think so. It was but asking the jury to apply to the facts in hand, inside of the jury-room, the same good common sense that they would exercise in coming to a conclusion upon the same state of facts outside of the jury-room. Jurors are not to be debarred from using common sense in drawing inferences from testimony, and, if common sense is used, the inferences will generally be legitimate and legal ones.

The court charged the jury that they must be satisfied, beyond a reasonable doubt, from the evidence in the case and nothing else, in order to convict, that at some time the respondent sold liquors in this greenroom. "You are not permitted to rely upon your imagination." This was more favorable to the defendant than he was entitled to. It was not necessary to show that liquors had been technically sold in this room; that is, that they were paid for in the room. If this was, as it seemed to be, a temporary bar, where liquors were *furnished* to and drank by customers, it was immaterial where the liquors were paid for. The law goes to the marrow of the offense, which is the keeping open on Sundays of a place where liquors are sold and kept for sale. The delivery and drinking of liquors in this place on week-days, when the saloon was open and connected by doors and other rooms with this room, would make it presumptively a place where liquors were sold and kept for sale, in the contemplation of the law. It would not be necessary to show that the liquors were ever paid for in that particular room, or technically sold there.

Complaint is also made of other remarks of the prosecuting attorney, to the effect that it was well known that saloon men violate the law every Sunday. These remarks were not proper; but, under the uncontradicted evidence of these officers, we cannot imagine that the jury were improperly influenced thereby. Under the testimony, there was no escape from the rendition of a verdict of guilty. This greenroom was also a dark room; and the very fact that the respondent was sitting in this dark room, *with the door locked*, and opened it at the officers' rap, naturally leads to the "common sense" conclusion that he was there for the purpose of admitting persons to this temporary bar. In fact he did admit them, and the room was opened. It was a room that, under the

authorities heretofore cited, the law required to be closed on Sundays.

The conviction must be sustained. The court below will proceed to judgment upon the verdict.

McGRATH, LONG, and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.