PEOPLE v. MORRIS.

1. CRIMINAL LAW—CONTINUANCE—DISCRETION OF COURT.

Refusal of trial court to grant continuance to criminal defendant a few days before trial, at defendant's personal request, while defendant was represented by assigned counsel who did not agree that a continuance was necessary, does not raise a question of abuse of discretion by court, but rather a question of who was responsible for defense.

2. SAME—PROCEDURE—ASSIGNED COUNSEL—CONDUCT OF ONE'S OWN DEFENSE.

A defendant in a criminal case cannot simultaneously assert his right to appointed counsel and his right to conduct his own defense, and if he accepts counsel he cannot conduct his own trial.

3. SAME—EVIDENCE—ALIBI WITNESSES—NOTICE TO PROSECUTION.

A defendant in a criminal case must within 10 days of arraignment but not less than 4 days before trial serve notice on the prosecution of any intent to claim alibi as a defense and of

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Continuance §§ 3, 4.
[2] 21 Am Jur 2d, Criminal Law §§ 310, 311.
[3, 4] 21 Am Jur 2d, Criminal Law § 137.
[5] 21 Am Jur 2d, Criminal Law § 348.
[6] 58 Am Jur, Witnesses § 862.

the names of any witnesses to be called in support of that defense if they are known to him at the time (CL 1948, § 768.20).

4. SAME—ALIBI DEFENSE—NOTICE TO PROSECUTION.
The statutory requirement of notice of the defense of alibi was enacted for the benefit and protection of the public.

5. SAME—PROCEDURE—PRODUCTION OF WITNESSES—STATE EXPENSE.
Statutory requirement that a defendant shall have a right to produce witnesses in his favor does not require the trial court to subpoena all witnesses requested by the defendant; applications to summon witnesses at the expense of the State are addressed to the sound discretion of the trial court (CL 1948, §§ 763.1, 775.15).

6. SAME—SUFFICIENCY OF EVIDENCE—WEIGHT GIVEN TESTIMONY—QUESTION FOR JURY.
The credibility and weight to be given the testimony of a witness is within the province of the jury.

Appeal from Genesee, Parker (Donn D.), J. Submitted Division 2 January 10, 1968, at Lansing. (Docket No. 2,296.)  Decided July 24, 1968.

John R. Morris was convicted of unarmed robbery. Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler* and *Paul G. Miller, Jr.,* Assistant Prosecuting Attorneys, for the people.

*Edwin W. Jakeway,* for defendant on appeal.

LESINSKI, C. J.  The defendant appeals a judgment of conviction and sentence entered on a jury verdict finding him guilty of the crime of unarmed robbery.[1]

---

[1] CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).

On December 27, 1965, the lower court deferred the arraignment on the information and appointed counsel to represent the defendant, at his request. The arraignment took place on January 3, 1966, at which time defense counsel waived a reading of the information, defendant stood mute, and a plea of not guilty was entered by the court. On January 25, the court advised the defendant and counsel to be ready for trial by February 9.

On the day of trial, March 3, 1966, before the jury had been empaneled and before any testimony was taken, the defendant, speaking on his own behalf, told the court that his case was not ready for trial and that certain witnesses he believed material to his defense had not been subpoenaed. A conference was held between the court, defendant, defendant's counsel and the prosecuting attorney in chambers. The record of this conference reads in pertinent part as follows:

*"The Court:* Mr. Morris, your attorney, Mr. White, said you wanted to talk to the court about something.

*"The Defendant:* Yes. We are definitely not prepared for trial. I haven't had visitation with my attorney; and I have only once in 90 days, and this only for a short period of 10 minutes. The witnesses in this case haven't been subpoenaed in my behalf, and I don't think I am receiving any type of justice here in this court.

*"The Court:* What do you want me to do about it?

*"The Defendant:* Well, I would like some time to have this case properly handled. I haven't had an opportunity to talk with anyone in my behalf.

*"The Court:* Well, the record shows that—

*"The Defendant:* * * * I've been over in the county jail for 90 days, just laying there. I have no rebuttal for these people, all the allegations,

pleadings against me in this court; it's just nobody here but me myself.

"*The Court:* Well, what witnesses do you have?

"*The Defendant:* Well, there's 5 people were in that bar; the police officers out there know, and which my attorney here knows. I think these people should be subpoenaed into the court.

"*Mr. Henneke* [*the prosecuting attorney*]: * * * We have three people that we know of that were in the bar that evening; and they are subpoenaed, and they are present here today. * * *

"*The Court:* Well, you were here January 25th, Mr. Morris, when the court told you to be ready for trial by February 9th, and you didn't say anything then.

"*The Defendant:* Well, I didn't have any visitation with my attorney. I figured he would come over before I go to trial and talk the case over with me.

"*The Court:* Well, you have a very competent attorney and I think I'll require you to go to trial. * * *

"*Mr. White* [*defense counsel*]: Let me say just for the record, your Honor, I have discussed this case with Mr. Morris on at least 2 occasions in the county jail; that he did tell me there were certain witnesses he felt should be here. In my professional opinion, these people could add nothing to the case; because these people he talked to at a certain time, which is not really material in my opinion. * * *

"It is true that he felt that he should have these other witnesses here, and I disagreed with him."

The case proceeded to trial and defendant was convicted of the offense charged.

The defendant raises 4 issues on appeal. The first claim of error is that the trial judge abused his discretion by refusing to grant defendant's request for a continuance just prior to the commencement of trial.

This Court cannot agree with this contention. The record is clear that defendant agreed to be represented by court appointed counsel and at no time did he attempt to have assigned counsel dismissed from the case. Further, there is no claim on appeal that trial counsel was incompetent. It was the defendant himself who asked that the trial be postponed so that certain witnesses could be subpoenaed, contrary to the advice of the attorney he had accepted to conduct his defense.

The defendant cannot simultaneously assert his right to court appointed counsel and conduct his own defense; therefore, we do not consider the issue to be whether there was an abuse of discretion, but rather, who was responsible for the conduct of the defense. The case of *People* v. *LaMarr* (1965) 1 Mich App 389, is controlling on this point. We said in the *LaMarr Case,* p 393:

"This matter was summarized well in the case of *Rogers* v. *United States* (CA 10, 1963), 325 F2d 485, 488:

" 'The right to counsel by an indigent accused of crime embraces the right to representation at all times and during all proceedings where the fundamentals of due process are involved. He has a right to be cautioned, advised, and served by counsel so that he will not be a victim of his poverty. *But he has no right to continuous service, nor to counsel of his choice, nor to dictate the procedural course of his representation.'* (Emphasis supplied.)

"This Court concurs.

"This Court further recognizes the right of the defendant to be represented by his own person after having been advised of his right to counsel. However, this right does not permit the defendant to conduct his own trial if he accepts counsel. If defendant clearly waives his right to counsel, he may conduct his own trial. This was not the case in the matter before us."

Defense counsel intimates in his brief on appeal that denial of the request for continuance deprived the defendant of alibi witnesses. In a strict sense, Morris was not entitled to have the testimony of alibi witnesses at the trial because he failed to comply with the statutory notice[2] required incident to the defense of alibi. *People* v. *Fleisher* (1948), 322 Mich 474. And the statutory requirement that defendants in criminal cases not cognizable by a justice of the peace give notice of the defense of alibi was enacted for the benefit and protection of the public. *People* v. *McFadden* (1956), 347 Mich 357.

The second claim of error is that defendant was denied a fair trial and his constitutional right to obtain compulsory process for witnesses. The defendant contends that the mandatory requirements of CL 1948, § 763.1 (Stat Ann 1954 Rev § 28.854), providing that the accused "shall have a right to produce witnesses and proofs in his favor," can be read into the provisions of CL 1948, § 775.15 (Stat Ann 1954 Rev § 28.1252), to require the trial court to subpoena witnesses requested by the defendant. This Court had occasion to examine CL 1948, § 775.-15, *supra,* in *People* v. *William L. Thomas* (1965), 1 Mich App 118, 125, and said:

"Thus it is clear that in Michigan an application to summon witnesses at the expense of the government is addressed to the sound discretion of the trial court.

"A similar interpretation of a statute has been given in Federal court, where the provision in the Federal code is similar to that in the Michigan statute. The courts have held that it is discretionary with the trial judge whether to grant the request of an indigent defendant seeking to have witnesses brought before the court. The cases further say

[2] CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043).

that the exercise of that discretion is not reviewable." (Citations omitted.)

It is manifestly plain from our holding in the *Thomas case* that CL 1948, § 775.15, *supra,* is discretionary and it would pervert the plain intent of the legislature to superimpose the mandatory requirements of CL 1948, § 763.1, *supra,* thereon.

The defendant's third claim of error is that the prosecuting attorney failed in his duty as a public officer to ascertain the facts by "objecting" to his request for a continuance. The transcript of the trial does not disclose that the prosecution made such an objection, but it is not necessary to consider this matter further in view of our disposition of the first claim of error. We note in passing that counsel failed to enlighten the Court by citing relevant authority in support of his contention other than merely reciting the duties of the prosecutor in general from a treatise of law.

The final claim of error is that the evidence presented by the prosecution did not warrant a finding of guilty beyond a reasonable doubt. The record reveals that the victim, a witness for the people, positively identified the defendant as one of the men who committed the robbery. It would not avail defendant to recite other testimony presented by the prosecution. We said in *People* v. *Laker* (1967), 7 Mich App 425, 428, that: "The credibility and weight to be given the testimony of a witness is within the province of the jury. *People* v. *Hancock* (1950), 326 Mich 471; *People* v. *Fleish* (1943), 306 Mich 8."

We believe that the prosecution presented sufficient testimony, if believed by the jury, to warrant a verdict of guilty beyond a reasonable doubt.

Affirmed.

McGREGOR and CANHAM, JJ., concurred.