BRUMMITT *v.* CHANEY

1. AUTOMOBILES — NEGLIGENCE — WITNESSES — EXPERT TESTIMONY — SPEED OF VEHICLE — DISCRETION.

> The determination whether a witness has the qualifications of an expert is a question for the trial court, and admission in evidence of the testimony of a police officer who investigated an automobile accident as to his estimate, arrived at from measuring skid marks, of the speed of defendant's vehicle was not an abuse of discretion where the officer had 15 years of experience in investigating automobile accidents.

2. TRIAL—INSTRUCTIONS TO JURY—APPEAL AND ERROR—SAVING QUESTION FOR REVIEW.

> The trial judge must be asked to give an instruction to the jury regarding an allegedly prejudicial remark made by opposing counsel during his argument to the jury in order to preserve that objection for review; merely taking an exception to the argument is not sufficient.

3. TRIAL—ARGUMENT TO JURY—PURPOSE OF ARGUMENT.

> Statement by defense counsel during his argument to the jury that the jury should "put yourself in defendant's place" *held*, not prejudicial error where there was no studied purpose to prejudice the jury.

Appeal from Wayne, Cornelia G. Kennedy, J. Submitted Division 1 May 8, 1969, at Detroit. (Docket No. 4,725.) Decided June 25, 1969.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Witnesses §§ 102, 212.
     29 Am Jur 2d, Evidence § 257.
     8 Am Jur 2d, Automobiles and Highway Traffic § 990.
     31 Am Jur 2d, Expert and Opinion Evidence §§ 31, 32.
[2]  53 Am Jur, Trial §§ 97, 506, 778.
[3]  53 Am Jur, Trial §§ 495–504.

Complaint by Robert Lee Brummitt, a minor, by his next friend, Albert Brummitt, and by Albert Brummitt in his own behalf against Pearl Chaney, administratrix of the estate of Warren Chaney, deceased, for injuries sustained by plaintiff Robert Lee Brummitt as a result of being struck by an automobile driven by Warren Chaney. Verdict and judgment of no cause of action. Plaintiffs appeal. Affirmed.

*Frances R. Avadenka,* for plaintiffs.

*Garan, Lucow & Miller* (*Peter H. Moray,* of counsel), for defendant.

Before: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

BRONSON, J. This appeal is taken from a judgment following a jury verdict of no cause of action rendered in the Wayne county circuit court. It concerns a suit instituted on behalf of Robert Lee Brummitt, a minor, and his father. The action commenced by plaintiff relates to injuries suffered by Robert Lee Brummitt when he ran out from between parked cars into the street and was struck by an automobile driven by Warren Chaney, defendant's deceased husband. At the time of the accident Robert Brummitt was two years and eight months old.

At trial plaintiff contended that defendant had driven negligently. Defendant attempted to show that he exercised maximum care in his driving and also pleaded the doctrine of sudden emergency.

At trial and through deposition several witnesses testified as to the speed at which defendant was driving when the accident occurred. The defense

moved for a directed verdict and this motion was denied by the trial judge. The case went to the jury, which returned a verdict of no cause of action. A motion for new trial was filed by plaintiff, and this motion was denied by the trial judge. Plaintiff appeals from this decision.

Plaintiff claims on appeal that the trial court erred in admitting testimony of the investigating police officer as to the speed at which the vehicle of defendant's decedent was traveling. Plaintiff further claims that he was denied a fair trial because of allegedly prejudicial statements made by defense counsel during his closing argument.

Police officer Alex Taylor, who investigated the accident, arrived after the accident had occurred. He had been a police officer since 1949, and from 1950 to 1965 he investigated accidents for the Accident Prevention Bureau. The only person he remembered talking to was Mr. Chaney. Taylor paced off the two fresh skid marks and recorded a measurement of about 25 feet.

Taylor was asked on direct examination to render an opinion based on his own experience as to the probable speed of defendant's car at the time of the accident. Plaintiff's counsel objected on the ground that no proper foundation had been laid, and that Taylor was not qualified to draw such a conclusion. The trial judge permitted the testimony, and Taylor testified that he judged the speed of defendant's car to be about 15 to 20 m.p.h.

It was testified to on cross-examination that the day of the accident had been clear and dry; defendant's brakes were in good order; and that the skid marks were 25 feet long. Testimony also adduced that Taylor did not know the coefficient of friction on Baldwin street, the efficiency of defendant's car's brake lining and tires, the weight of defendant's

car, or whether the skid marks were made by the front or rear tires.

Appellant cites *Jackson* v. *Trogan* (1961), 364 Mich 148, to substantiate his view. In *Jackson,* a young state policeman gave his opinion about the speed of an automobile based on the force of impact and skid marks. The Court in *Jackson* held that the testimony of the state policeman was inadmissible because there were too many factors open to question in determining speed. In finding the testimony inadmissible, the Court noted in *Jackson* the inexperience of the witness in investigation of this type of accident. In the case at bar the officer testifying had been investigating accidents for 15 years. The trial judge found Officer Taylor qualified on the basis of his experience to offer an expert opinion. We cannot say that this exercise of the trial judge's discretion was clearly erroneous.

In the instant case, there is no question that Officer Taylor is highly experienced in this field. Furthermore, there is no question that the determination whether a witness has the qualifications of an expert is clearly a question for the trial judge. The trial judge's discretion in the matter is only interfered with by an appellate court in the event that that discretion is abused. *People* v. *Hawthorne* (1940), 293 Mich 15, cited with approval in *Accetola* v. *Hood* (1967), 7 Mich App 83, 86. The question remains, however, whether the expert has available the necessary data at his disposal in order to render an expert opinion within the purview of GCR 1963, 605:

"Questions calling for the opinion of an expert witness need not be hypothetical in form unless the judge, in his discretion, so requires. The witness may state his opinion and reasons therefor without

first specifying data on which it is based, but upon cross-examination, he may be required to specify such data. The judge, in his discretion, may require that a witness, before testifying in terms of opinion or inference, be examined first concerning the data upon which the opinion or inference is founded. Testimony of expert witness in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

It has been clearly established in Michigan that an expert may render an opinion concerning the point of impact of an accident based merely upon debris found and skid marks. See *Dudek* v. *Popp* (1964), 373 Mich 300; *Woolner* v. *Ponicki* (1966), 3 Mich App 590; and *LaFave* v. *Kroger Co.* (1966), 5 Mich App 446. There is language in each of these cases that would indicate that the experience of the expert may be a key factor.

In *People* v. *Zimmerman* (1968), 12 Mich App 241, the issue presented was whether a traffic accident reconstruction engineer could testify in a criminal prosecution as to the speed of defendant's vehicle at the time of the accident. Judge FITZ-GERALD made the following statement concerning this area of the law:

"There are no Michigan decisions directly considering the allowance or denial of non-eyewitness expert opinion on the issue of speed in criminal prosecutions, but we are not constrained to state that, thus, such testimony is *never* admissible in criminal cases. Rather, we believe that it should be admissible whenever speed is a material factor to the case being tried even as to the ultimate issue (GCR 1963, 605) where the jury, because of its inexperience, would require it to effectively interpret complicated facts in issue, and where the expert is

competent, has conducted scientifically recognized tests based on the facts presented, and does not invade the province of the jury by testifying as to the cause of the accident or liability therefor.

"Our willingness to accept such expert opinion evidence as to speed when it is properly presented is reinforced by reference to a number of sources: See 2 Wharton's Criminal Evidence (12th ed), § 553, p 416; 9C Blashfield, Cyclopedia of Automobile Law & Practice, § 6231, p 382; and by reference to the Michigan law applicable to civil cases. See *Dudek* v. *Popp, supra;* but see *Washburn* v. *Lucas* (1964), 373 Mich 610, and cases cited therein for suggested restrictions on expert opinion evidence as to causation made by an investigating officer.

"There is no question as to the competence of Mr. Billings to testify as an expert witness on the issue of speed. However, we cannot reach the problem of whether this is *necessary* testimony, given the facts as presented to the jury for their interpretation, and noting that the relevant issue was the negligence of the defendant, for the trial court never ruled on the issue." 12 Mich App 241, 246.

The sources cited by Judge FITZGERALD conclude that an expert opinion as to the speed of vehicles is admissible when based upon skid marks on the road. See 2 Wharton's Criminal Evidence (12th ed), § 553, p 416; and 9C Blashfield, Cyclopedia of Automobile Law & Practice, § 6231, p 382. Although this is a civil action, we find that based on Officer Taylor's experience in this field, it was permissible for him to give an opinion as to the approximate speed of defendant's car at the time of the accident.

Plaintiff also argues that certain remarks made by defendant's attorney in his closing argument were objectionable. He voiced objection at trial, but made no request to charge the jury concerning his objections.

In *Clark* v. *Grand Trunk Western R. Co.* (1962), 367 Mich 396, the Court held at p 401 that it was not fatal for counsel merely to take an exception to the closing argument, and not request the trial court to make a ruling. However, the weight of authority in Michigan seems to be that in order to preserve an objection to the argument made to the jury, the judge must be asked to give an instruction on the subject. In *Heck* v. *Henne* (1927), 238 Mich 198, the Court stated the following:

"To save the point for review, it was necessary not only to take an exception, but to also request the court, either then and there, or in final instructions, to instruct the jury to disregard the improper argument." 238 Mich 198, 205.

This holding was more recently cited with approval in *Kujawski* v. *Boyne Mountain Lodge, Inc.* (1967), 379 Mich 381, 385. In plaintiff's motion for new trial, only one aspect of defendant's closing remarks is attacked: namely his statement about "putting yourself in defendant's place." In *People* v. *Laker* (1967), 7 Mich App 425, the prosecutor was trying to create a description of the scene of the crime when he said, "* * * I would like you, for the moment, to put yourself in that hamburger stand * * * ." Defendant raised this objection on appeal, and Judge McGREGOR ruled as follows:

"The appellant claims that it was prejudicial error to allow this argument, as it improperly put the jury in the place of the complaining witness. The argument is that, in effect, the jurors were asked to become detectives, a practice condemned by the Supreme Court in *People* v. *O'Brien* (1893), 96 Mich 630. In this case, however, the prosecuting attorney did not ask the jury to perform any function other than that which the law designated to it. The credibility and weight to be given the testi-

mony of a witness is within the province of the jury. *People* v. *Hancock* (1950), 326 Mich 471; *People* v. *Fleish* (1943), 306 Mich 8. What the prosecutor asked the jury to do was not to be detectives, but rather can be likened to asking them to use their common sense in performing their functions, which is not condemned. *People* v. *Ringsted* (1892), 90 Mich 371. Accordingly, we find no reversible error on this point." 7 Mich App 425, 428.

The mere mention of putting themselves in defendant's place does not constitute reversible error, without a studied purpose to prejudice the jury. Such purpose is not evident in the case at bar.

Finding no reversible error, we affirm.

All concurred.