PEOPLE *v.* HIGGINS

Burglary—Evidence—Sufficiency—Entering Without Breaking —Intent—Larceny.

    Jury had sufficient evidence to convict defendant of entering without breaking a building with intent to commit larceny where a witness observed defendant from 150 feet away taking tools out of the trunk of a parked car, breaking into a coin box of a pop machine in a building, then later pointed the defendant out to police as he was leaving the building and defendant was arrested by police while running from the building and was identified as the person in the building and was found to have a large number of dimes on his person (MCLA § 750.111).

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 November 10, 1970, at Detroit. (Docket No. 9213.) Decided December 8, 1970. Leave to appeal denied April 19, 1971. 384 Mich 830.

Charles James Higgins was convicted of entering without breaking a building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, William L. Cahalan, Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Reference for Points in Headnote
13 Am Jur 2d, Burglary §§ 8–26.

Before: V. J. BRENNAN, P. J., and LEVIN and PETERSON,* JJ.

PER CURIAM. Appellant was found guilty by a jury of entering without breaking a building with intent to commit larceny. MCLA § 750.111 (Stat Ann 1970 Cum Supp § 28.306). The only question raised on appeal is the sufficiency of the evidence to convict, with particular reference to his identification by an eyewitness.

Defendant was first observed as he rifled the trunk of a parked car for tools, and later as he broke into the coin box of a pop machine in the building immediately next to the parked car. The observation was made from a distance of about 150 feet. The police were called, and as they arrived, the witness called out to them that the defendant was leaving the building. Defendant was seen running from the building, was arrested, was identified by the witness as the person who had been in the building by his clothing and general features, and was searched and found to have a large number of dimes on his person.

There was sufficient evidence to connect defendant with the crime for which he was arrested. The credibility and weight to be given testimony of a witness is within the province of the jury. *People* v. *Morris* (1968), 12 Mich App 411. There was sufficient evidence, if believed by the jury, to find defendant guilty beyond a reasonable doubt. *People* v. *Weems* (1969), 19 Mich App 553.

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.