PEOPLE *v.* ERGIE WILLIAMS

1. POISONS—NARCOTICS—MARIJUANA—ILLEGAL     POSSESSION—EVIDENCE.

   The prosecution need not prove that the marijuana seized from a defendant is not from that portion of the marijuana plant the possession of which is not prohibited by statute (MCLA § 335.153).

2. CRIMINAL LAW—PROCESS—WITNESSES—DEFENSE WITNESSES—COMPULSORY PROCESS—DISCRETION.

   Granting of compulsory process to obtain witnesses requested by a criminal defendant is a decision within the discretion of the trial court.

3. CRIMINAL LAW—PROCESS—WITNESSES—DEFENSE WITNESSES—COMPULSORY PROCESS—DISCRETION.

   Denial of defendant's request that a certain witness be produced to testify on his behalf was not an abuse of discretion where defendant presented his request at the end of the first day of a two-day trial, and where an attempt was made to procure the requested witness's attendance, but the witness could not be produced until a time when presentation of evidence would be concluded but where the parties stipulate to that witness's testimony, and defendant at no time claimed that the method employed prejudiced his rights.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 2 September 7, 1971, at Grand Rapids. (Docket No. 9140.) Decided September 28, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17.
[2, 3] 21 Am Jur 2d, Criminal Law § 345 *et seq.*

Ergie Williams was convicted of illegal possession of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald A. Burge,* Prosecuting Attorney, for the people.

*Joseph J. Jenkins,* for defendant.

Before: HOLBROOK, P. J., and MCGREGOR and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged with possession of marijuana, a violation of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). He was convicted by a jury on January 29, 1970, and sentenced to from two to ten years imprisonment.

Defendant was arrested on a charge of reckless driving on February 4, 1969. While he was being booked into the Kalamazoo County Jail, an inventory of his personal effects was taken; included among his effects was a pack of Benson & Hedges cigarettes in which three marijuana cigarettes were intermingled.

Defendant contends that to establish their case the people must prove not only that the substance in the cigarettes seized was marijuana, but also that the marijuana seized was from that portion of the marijuana plant the possession of which is prohibited by statute. In *People* v. *Nelson White* (1970), 26 Mich App 35, this Court concluded that in light of MCLA § 767.48 (Stat Ann 1954 Rev § 28.988), it was not incumbent upon the people to prove that marijuana which was allegedly sold was nonexempt marijuana. See also *People* v. *Rios* (1970), 27 Mich App 54; *People* v. *Albert White* (1970), 27 Mich App 432. Defendant's contention is without merit.

Defendant next urges that he was denied due process when the trial court denied his request that a certain witness be produced to testify on his behalf. Whether or not compulsory process is used to obtain witnesses requested by a defendant is a decision which is committed to the discretion of the trial court. MCLA § 775.15 (Stat Ann 1954 Rev § 28.1252); *People* v. *William L. Thomas* (1965), 1 Mich App 118; *People* v. *Morris* (1968), 12 Mich App 411.

The record reveals that defendant presented his request for production of a witness to the court at the end of the first day of a two-day trial. Further, the record discloses that the court attempted to procure the attendance of the requested witness, but upon learning that such witness could not be produced until late in the day at a time when presentation of the evidence would be concluded, the court denied the request on the ground that it would unduly delay the proceedings to await the production of the witness in court. The court suggested that the parties stipulate to the witness's testimony and a stipulation was agreed upon. At no time during this request and decision did the defendant claim that the method employed prejudiced his rights. In light of these circumstances, the trial judge did not abuse his discretion in refusing defendant's request for production of a witness.

Affirmed.