RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0039p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

DURYANE LEWIS CHANEY,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

┐
│
│
│
> No. 17-2024
│
│
│
┘

───────────────

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
Nos. 2:13-cr-20582-1; 2:15-cv-14219—Sean F. Cox, District Judge.

Argued: October 4, 2018

Decided and Filed: March 11, 2019

Before: BATCHELDER, GIBBONS, and ROGERS, Circuit Judges

───────────────

## COUNSEL

**ARGUED:** Joan E. Morgan, FEDERAL PUBLIC DEFENDER OFFICE, Flint, Michigan, for Appellant. Mark Chasteen, UNITED STATES ATTORNEYS OFFICE, Detroit, Michigan, for Appellee. **ON BRIEF:** Joan E. Morgan, FEDERAL PUBLIC DEFENDER OFFICE, Flint, Michigan, for Appellant. Mark Chasteen, UNITED STATES ATTORNEYS OFFICE, Detroit, Michigan, for Appellee.

───────────────

## OPINION

───────────────

ROGERS, Circuit Judge. Duryane Chaney pleaded guilty to one count each of felon in possession of a firearm and possession with intent to distribute cocaine. Because his criminal

record included convictions for one "serious drug offense" and two "violent felon[ies]," Chaney was sentenced as an armed career criminal, subject to the Armed Career Criminal Act's fifteen-year mandatory minimum. 18 U.S.C. § 924(e)(1). On collateral review, Chaney argues that one of his three predicate convictions—a 1981 Michigan conviction for attempted unarmed robbery—does not qualify as a "violent felony" after the Supreme Court's invalidation of the ACCA's residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015) [hereinafter *Johnson II*]. That claim fails, however, because Chaney's conviction qualifies as an ACCA-enhancing violent felony under the elements clause, which continues to apply notwithstanding *Johnson II*. Michigan unarmed robbery (as it existed in 1981) counts as a violent felony under the ACCA's elements clause even though the statute extends to "putting [a victim] in fear," because under Michigan law "putting in fear" means "putting in fear of bodily injury from physical force."

Chaney pleaded guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1).[1] Although the base maximum sentence for that crime is ten years' imprisonment, a violator who has three prior convictions for a "violent felony" or "serious drug offense" is subject to a fifteen-year mandatory minimum and a maximum sentence of life under the ACCA. § 924(e)(1). For purposes of this ACCA enhancement, a "violent felony" means a crime punishable by more than one year in prison that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or

---

[1]Chaney waived his right to a grand jury indictment and entered a guilty plea, with a Rule 11 plea agreement, to counts one and two of the First Superseding Information. Because the Information titled count one as "18 U.S.C. §§ 921(g)(1), 924(e) – Felon in possession of a firearm; Armed Career Criminal," it might appear that Chaney pleaded guilty to two separate things. This odd construction of the charge warrants clarification.

The former provision, § 921(g)(1) (felon in possession of a firearm), is a criminal offense, to which an accused must plead, and to which Chaney pleaded guilty in this case. But the latter provision, § 924(e)(1) (armed career criminal), is not a criminal offense; it is a sentencing enhancement that applies to certain qualifying defendants convicted under § 921(g). Because § 924(e)(1) does not create a separate offense or require a pleading—and would not require submission to a jury—it was neither necessary nor meaningful that Chaney "pleaded guilty" to a § 924(e)(1) charge. *See United States v. Mack*, 229 F.3d 226, 231 (3d Cir. 2000); *United States v. Henry*, 933 F.2d 553, 558 (7th Cir. 1991); *United States v. Affleck*, 861 F.2d 97, 99 (5th Cir. 1988).

Just as Chaney could not avoid application of § 924(e)(1) based on the absence of a "conviction" on that charge (by guilty plea or jury determination), he is not prohibited here from challenging the application of § 924(e)(1) at his sentencing hearing based on the unusual fact that he was charged with and pleaded guilty to a § 924(e)(1) charge as part of count one.

(ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated crimes clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"].

18 U.S.C. § 924(e)(2)(B)(i)–(ii).

Chaney objected at sentencing to the ACCA enhancement on the grounds that his 1981 Michigan conviction for attempted unarmed robbery was not a "violent felony" because it resulted in less than one year of imprisonment and did not, in his particular case, involve the use of "physical force." The Government countered that a crime qualifies under the ACCA so long as it is punishable by more than one year in prison—regardless of the sentence handed down—and that Michigan unarmed robbery categorically qualifies as a violent felony, citing *United States v. Mekediak* to the sentencing court. *Mekediak* had held that Michigan "unarmed robbery categorically creates a sufficiently comparable risk of injury to another as the risk posed by burglary," and thus "is a crime of violence for the purposes of [the] ACCA." 510 F. App'x 348, 354 (6th Cir. 2013), *abrogation recognized by Shuti v. Lynch*, 828 F.3d 440, 448 (6th Cir. 2016). The district court concluded that the "government [was] absolutely right," adding, "and of course, a conviction for attempted unarmed robbery does involve the attempted use or threatened use of physical force. So it qualifies." Chaney was sentenced as an armed career criminal.

More than a year later, Chaney brought (and later amended) a § 2255 motion to vacate his sentence on the ground that he no longer qualified as an armed career criminal after the Supreme Court in *Johnson II* invalidated the ACCA's residual clause as unconstitutionally vague. 135 S. Ct. at 2563. With the residual clause effectively erased, Chaney argued that his 1981 Michigan conviction for attempted unarmed robbery is not a predicate violent felony because robbery is not an enumerated offense, 18 U.S.C. § 924(e)(2)(B)(ii), and does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i), as required by the elements clause. The district court, however, read the statute differently. In 1981, Michigan unarmed robbery was defined as follows:

> Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.

Mich. Comp. Laws § 750.530 (1981).  Relying on our unpublished opinion in *United States v. Mathews*, 689 F. App'x 840 (6th Cir. 2017), the district court held that the Michigan statute (even as applied to attempt) required the use, attempted use, or threatened use of "physical force," so as to qualify as an ACCA-enhancing "violent felony" under the elements clause. Accordingly, the court denied Chaney's motion to vacate his sentence.

As a threshold matter, the Government argues that Chaney's claim is procedurally improper because—despite its masquerading as a *Johnson II* residual-clause claim—it actually turns on the Court's earlier decision in *Johnson v. United States*, 559 U.S. 133 (2010) [hereinafter *Johnson I*], interpreting the degree of force required by the "elements clause."  But a petitioner may bring a *Johnson II* claim challenging his status as an armed career criminal in a first § 2255 motion, like this one, so long as the sentencing court might have relied on the residual clause to enhance the sentence under the ACCA.  *See Raines v. United States*, 898 F.3d 680, 685–86 (6th Cir. 2018) (per curiam).

Although it is true that *Johnson II* "does not reopen *all* sentences increased by [the ACCA]," *see Potter v. United States*, 887 F.3d 785, 787 (6th Cir. 2018), we have rejected the Government's implied premise that a first-time § 2255 movant must show that the sentencing court relied *only* on the residual clause in order for the movant to bring a *Johnson II* claim, *see Raines*, 898 F.3d at 684–86.  Where it is unclear which ACCA clause a court relied on to enhance a sentence, a first-time § 2255 movant may use *Johnson II* to collaterally attack his ACCA enhancement by showing that the sentencing court *might have* relied on the residual clause.  *See* Raines, 898 F.3d at 685–86.

Here, Chaney has shown just that.  As in many pre-*Johnson II* cases, the sentencing judge did not specify which ACCA clause it relied on in deeming Michigan attempted unarmed robbery a violent felony.  The Government's own arguments at sentencing, however, suggest that it and the court were looking to the residual clause.  At sentencing, the Government cited only *Mekediak*, 510 F. App'x at 354, in support of the enhancement—a case expressly relying on the residual clause.  That the only enhancement-supporting authority before the district court relied on the residual clause strongly suggests that the district court did too.  On the other hand, the court did state that the conviction "involve[s] the attempted use or threatened use of physical

force," which tracks the language of the elements clause. But it is difficult to read too much into that off-the-cuff statement without any indication that the court conducted a statutory analysis. What's more, the district court below—the same to sentence Chaney—gave no indication that it relied on anything but the residual clause in sentencing Chaney. This record shows that Chaney at least *might* have been sentenced under the residual clause. *Compare Raines*, 898 F.3d at 686, *with Potter*, 887 F.3d at 787–88.

Having cleared that procedural hurdle, Chaney must survive another. For the first time on appeal the Government argues that Chaney procedurally defaulted his claim by failing to argue on direct review that his conviction did not satisfy the elements clause. In other words, the Government would have us fault Chaney for not making an argument that would have had no practical effect whatsoever given the then-viable residual clause. That would be a harsh outcome under any circumstances, and only more so here because the Government concedes that it has forfeited its own argument by failing to raise it before the district court. The Government asks us to look past its oversight because it was busy litigating other *Johnson II* claims at the time. But even if the Government's excuse of practical burden might fly in another context, we will not excuse the Government's forfeiture on that basis here only to hold Chaney's claim procedurally defaulted for his failure to raise a claim that would have had no practical effect. The Government has, therefore, forfeited any defense of procedural default.

On the merits, Chaney's 1981 Michigan conviction for attempted unarmed robbery is categorically a violent felony under the ACCA's elements clause. The operative Michigan statute punishes theft committed "by force and violence, or by assault, or putting in fear." Mich. Comp. Laws § 750.530 (1981). Each of these alternatives meets the requirements of the elements clause, notwithstanding Chaney's arguments that "putting in fear" or "force and violence" permits conviction without necessarily requiring the "use, attempted use, or threatened use of physical force" as required by that clause. *See* 18 U.S.C. § 924(e)(2)(B)(i). As defined in *Johnson I*, "physical force" means "*violent* force—that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140; *see also Stokeling v. United States*, 139 S. Ct. 544, 553 (2019).

As we held in *United States v. Mathews*, "putting in fear" under the statute requires the use or threatened use of physical force as defined in *Johnson I.* 689 F. App'x at 844–46. That is because, as explained in *Mathews*, the best guidance from the Michigan Supreme Court is that Michigan law requires a "reasonable belief that [the victim] may suffer injury unless he complies with the demand." *Id.* (quoting *Michigan v. Kruper*, 64 N.W.2d 629, 632 (Mich. 1954)); *see also Michigan v. Hearn*, 406 N.W.2d 211, 214 (Mich. Ct. App. 1987).

In *Michigan v. Randolph*, the Michigan Supreme Court held that "Michigan's unarmed robbery statute is derived from the common law," and indeed "adopted the common-law definition of robbery."[2] 648 N.W.2d 164, 167 (Mich. 2002), *superseded by statute*, P.A. 2004, No. 128, *as recognized in Michigan v. March*, 886 N.W.2d 396 (Mich. 2016). Michigan's codification of common law robbery is significant because the Michigan Supreme Court interpreted the common law (and thus Michigan's statute) to require "the felonious and forcible taking, from the person of another, of goods or money to any value by violence or putting him in fear." *See id.* (quoting 4 Blackstone, Commentaries, Public Wrongs, ch. 17, 241). In so interpreting the common law, the *Randolph* court relied on sources that repeatedly equated "putting in fear" with putting a person in fear of immediate injury. *See id.* at 167–168, 167 n.6 ("Feloniously taking the property of another in his presence and against his will, *by putting him in fear of immediate personal injury*, is robbery at common law." (quoting Rapajle, Larceny & Kindred Offenses § 445 (1892)) (emphasis added)). Because Michigan unarmed robbery codifies common law robbery, and common law robbery, as understood by the Michigan Supreme Court, requires putting the victim in fear of immediate personal injury, Michigan's unarmed robbery statute must be read to require the same.

This court has held that a state robbery statute that requires "putting in fear" qualifies as a violent felony under the elements clause when state law interprets "fear," as it does here, to mean "fear of bodily injury from physical force offered or impending." *See United States v. Mitchell*,

---

[2]The Michigan unarmed robbery statute was amended in 2004. *See* Mich. Comp. Laws § 750.530 (2004). Because Chaney was sentenced under the earlier statute, our analysis is confined to that version of the statute, as was effective in 1981.

743 F.3d 1054, 1059 (6th Cir. 2014) (Tennessee robbery).  Thus, the "putting in fear" clause here too satisfies the elements clause.

The "force and violence" alternative also satisfies the elements clause, notwithstanding Chaney's argument that the Michigan statute criminalizes "force and violence" less than the "physical force" needed to satisfy the ACCA.  *Johnson I* defines "physical force" as "violent force," 559 U.S. at 140, and the plain text of the Michigan statute required "force and violence," Mich. Comp. Laws § 750.530 (1981).  Of course, that does not by itself dictate that Michigan's "force and violence" must mean exactly the same as *Johnson I's* "violent force," but there is not a lot of interpretive daylight between them.  Despite their similarity, Chaney tries to drive a definitional wedge between those phrases by citing two Michigan intermediate appellate decisions and Michigan jury instructions suggesting that, at least for assault, "the words 'force and violence' mean any use of physical force against another person so as to harm or embarrass him."  *See* Mich. Crim. Jury Instr. 2d 17.14.  In *Michigan v. Chandler*, for instance, the court cited Michigan Criminal Jury Instruction 17.14 to that effect, but did so to interpret an assault statute and, even then, only to note that "force and violence" requires "physical force." 506 N.W.2d 882, 884 (Mich. Ct. App. 1993).  Similarly inapposite, *Michigan v. Boyd* held that throwing urine into the face of another constituted the use of "violence" for purposes of assault of a corrections officer.[3]  300 N.W.2d 760, 762 (Mich. Ct. App. 1980).  These examples are outside of the robbery context and therefore of little import here.

We assume that if Michigan unarmed robbery could be accomplished by merely using physical force to embarrass the victim, then it would fall outside of the ACCA.  But it takes far too active an imagination to dream up a scenario in which a person could steal someone's property by touching the victim in a harmless and non-threatening but embarrassing way.  The categorical approach's "focus on the minimum conduct criminalized by the state statute is not an

---

[3]Chaney also cites *Michigan v. Passage*, 743 N.W.2d 746, 748 (Mich. 2007), to suggest that Michigan law requires only minimal force, but that decision interpreted an amended version of the statute that changed "force and violence" to "force or violence" in an intentional move away from the narrower definition at common law.  As explained in *United States v. Harris*, the amended statute requires less force than the 1981 version Chaney was convicted under and the "Legislature's decision to replace the word 'and' with the word 'or' in the 2004 amendments evidences its changed intent to include theft by force but without violence as an unarmed robbery." 323 F. Supp. 3d 944, 948 (E.D. Mich. 2018).  Chaney's reliance on *Passage* is therefore misplaced.

invitation to apply 'legal imagination' to the state offense." *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013).

As explained in *Randolph*, it is not enough under Michigan law that force and violence be used at some point during the theft; the force and violence (or threat of such) must be the act that is used to accomplish the taking. *See* 648 N.W.2d at 173. This distinction is key and separates unarmed robbery here from, for example, plain assault or the battery statute at issue in *Johnson I*. For battery, the offensive or embarrassing touching is itself the crime, whereas that same harmless touch would somehow have to deprive the victim of property to amount to robbery. One can imagine a robbery involving an offensive or embarrassing touch coupled with a threat— implicit or otherwise—of harm for noncompliance. But it strains the imagination to think someone could steal property through an offensive or embarrassing touch alone.

Even if a more creative mind could imagine such a scenario, there must be a "realistic probability, not a theoretical possibility, that [Michigan] would apply its statute to conduct that" is less than violent force, for the conviction to fall outside of the elements clause. *See Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *Perez v. United States*, 885 F.3d 984, 990 (6th Cir. 2018). Chaney has not pointed to any Michigan case that applied the statute to nonqualifying force and thus has not shown that realistic probability. *See Gonzalez*, 549 U.S. at 193. The two cases Chaney cites purporting to interpret "force and violence" do so in the context of assault statutes. Again, the court in *Boyd* affirmed a conviction for assault of a prison employee. 300 N.W.2d at 762. Although the *Chandler* case did, after addressing the assault statute at issue, go on to find sufficient evidence of attempted unarmed robbery, it did so based on a clear threat of violent force—namely, the defendant's threat to "blow [the victim's] head off" if he didn't get out of the car. *See Chandler*, 506 N.W.2d at 885. The *Chandler* court's only discussion of "force and violence" was dicta regarding an assault-with-intent-to-rob statute and has no bearing here. *See id.* at 884.

The cases most on point strongly suggest that robbery requires violent force and that a theft without such force would more realistically be charged as larceny from the person, a lesser offense than robbery. *See* Mich. Comp. Laws §750.357 (1981). "The larceny-from-the-person statute punishes pickpockets, purse- and wallet-snatchers, and others who invade the person or

'immediate presence' of the victim to accomplish a theft." *Michigan v. Smith-Anthony*, 821 N.W.2d 172, 175 (Mich. Ct. App. 2012), *aff'd*, 837 N.W.2d 415 (Mich. 2013). "What separates robbery from larceny from the person is violence or the threat of violence." *Michigan v. Gould*, 166 N.W.2d 530, 533–34 (Mich. Ct. App. 1968), *aff'd in part, rev'd in part on other grounds*, 179 N.W.2d 617 (Mich. 1970). Having failed to identify a single Michigan case affirming a conviction for unarmed robbery involving "force and violence" less than the minimum "violent force" required by *Johnson I*, Chaney has not shown a realistic probability that Michigan would apply its statute to such conduct.

Also, for this reason, this case is distinguishable from cases such as *United States v. Yates*, 866 F.3d 723, 728–32 (6th Cir. 2017), where the state supreme court had clearly interpreted a state robbery statute to punish conduct that was held not to rise to violent force under the ACCA's elements clause.

Moreover, the statutory history and underpinnings of the ACCA support the conclusion that Michigan unarmed robbery qualifies under the elements clause, as both statutes trace their roots to common law robbery. *See Stokeling*, 139 S. Ct. at 549–52. As originally enacted in 1984, the ACCA listed only two predicate offenses—robbery and burglary. *See* Pub. L. 98-473, § 1802, 98 Stat. 2185, 18 U.S.C.App. § 1202(a) (1982 ed. and Supp. II).[4] The definition of robbery in that version of the ACCA was drawn directly from the common law: "'robbery' means any felony consisting of the taking of the property of another from the person or presence of another by force or violence, or by threatening or placing another person in fear that any person will imminently be subjected to bodily injury." *See id.* § 1803(2); *Stokeling*, 139 S. Ct. at 550–51. That definition not only encompasses Michigan unarmed robbery, but is nearly identical to it, and for good reason: they are both drawn from the common law. *Compare* § 1803(2), *and Stokeling*, 139 S. Ct. at 550–51, *with* Mich. Comp. Laws § 750.530 (1981). Two years later, Congress "expanded the predicate offenses triggering the sentence enhancement from 'robbery or burglary' to 'a[ny] violent felony.'" *See Taylor v. United States*, 495 U.S. 575, 582 (1990). Congress did so to promote "a greater sweep and more effective use of this important

---

[4]In 1986, § 1202 was recodified as 18 U.S.C. § 924(e) by the Firearms Owners' Protection Act, Pub. L. 99-308, § 104, 100 Stat. 458.

statute." *See id.* at 583 (quoting 132 Cong. Rec. 7697 (1986)).  In doing so, it used the *sine qua non* of common law robbery—"force or violence"—as the basis for the definition of a violent felony: a crime punishable by more than one year's imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *See* 18 U.S.C. § 924(e)(2)(B)(i).  Were Chaney correct that Michigan unarmed robbery is not a violent felony, we would have to read Congress's expansion of the ACCA predicates from common law robbery to all violent felonies to somehow exclude Michigan's codification of common law robbery.  That tortured reading has nothing to recommend it.  "By retaining the term 'force' in the [amended] version of [the] ACCA and otherwise 'expanding' the predicate offenses under [the] ACCA, Congress made clear that the 'force' required by common-law robbery would be sufficient to justify an enhanced sentence under the new elements clause." *Stokeling*, 139 S. Ct. at 551.

Furthermore, treating Michigan unarmed robbery as an ACCA predicate under the elements clause accords with decisions by two of our sister circuits holding that Michigan unarmed robbery is a violent felony under the ACCA.  The Eighth Circuit in *United States v. Lamb* similarly relied on *Randolph* to hold as much.  *See* 638 F. App'x 575, 577 (8th Cir. 2016), *vacated on other grounds by* 137 S. Ct. 494 (2016); *see also United States v. Tirrell*, 120 F.3d 670, 680 (7th Cir. 1997).  Those decisions also accord with decisions from this and other circuits interpreting other common-law-derived robbery statutes in the same way.  *See, e.g.*, *United States v. Priddy*, 808 F.3d 676, 686 (6th Cir. 2015) (Tennessee robbery), *abrogated on other grounds by United States v. Stitt*, 860 F.3d 854 (2017) (en banc), *decision reversed on other grounds*, 139 S. Ct. 399 (2018); *United States v. Harris*, 844 F.3d 1260, 1268–70 (10th Cir. 2017) (Colorado robbery); *United States v. Doctor*, 842 F.3d 306, 308–12 (4th Cir. 2016) (South Carolina robbery); *United States v. Duncan*, 833 F.3d 751, 754–58 (7th Cir. 2016) (Indiana robbery).

Without addressing these cases, Chaney points to cases construing dissimilar state robbery statutes to fall outside of the ACCA's reach.  But, even assuming they survive *Stokeling*, 139 S. Ct. at 554–55, those cases are easily distinguishable—in each, state decisional law was found to provide that, unlike at common law or in Michigan, no more than de minimis force was

required for robbery. *See, e.g.*, *United States v. Winston*, 850 F.3d 677, 684–85 (4th Cir. 2017) (Virginia robbery); *United States v. Geozos*, 870 F.3d 890, 900–01 (9th Cir. 2017) (Florida robbery); *United States v. Nicholas*, 686 F. App'x 570, 574–76 (10th Cir. 2017) (Kansas robbery); *United States v. Gardner*, 823 F.3d 793, 803–04 (4th Cir. 2016) (North Carolina robbery); *United States v. Parnell*, 818 F.3d 974, 978–80 (9th Cir. 2016) (Massachusetts armed robbery); *United States v. Eason*, 829 F.3d 633, 640–42 (8th Cir. 2016) (Arkansas robbery).

Finally, Chaney argues that, even if Michigan unarmed robbery qualifies as a violent felony, Michigan *attempted* unarmed robbery does not. But the ACCA's elements clause expressly includes the "attempted use" of "physical force." *See* 18 U.S.C. § 924(e)(2)(B)(i).

Despite that straightforward reading, Chaney argues that Michigan's attempt statute must equal the generic definition of attempt—intent to commit the underlying offense and a "substantial step" towards commission—to satisfy the elements clause's "attempted use" requirement. Chaney cites no binding authority for that point, but even if we were to require that Michigan's attempt statute must satisfy the generic definition of attempt, it does. Under Michigan law, attempt requires intent and an overt action "more than mere preparation to commit the crime," which "would lead immediately to the completion of the crime had the defendant not failed in the perpetration, or been intercepted or prevented in the execution of the same." *See Michigan v. Burton*, 651 N.W.2d 143, 150 (Mich. Ct. App. 2002) (internal quotation marks omitted).

Moreover, the attempt factor is applied only to the first element of unarmed robbery—the felonious taking—not the force element. *See Michigan v. Gardner*, 265 N.W.2d 1, 5 n.1 (Mich. 1978). That is, the only difference between unarmed robbery and attempted unarmed robbery is whether the perpetrator is successful in taking the property—the same degree of "force and violence, assault, or putting in fear" is needed in both cases. *See Tirrell*, 120 F.3d at 680–81. Thus, it makes no difference that Chaney was convicted for *attempted* unarmed robbery. Michigan attempted unarmed robbery, as it existed in 1981, is a violent felony under the ACCA's elements clause.

For these reasons, the judgment of the district court is affirmed.