**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0528n.06
No. 20-5126

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS | | **FILED** |
| FOR THE SIXTH CIRCUIT | | Sep 10, 2020 |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,  )
        )
    **Plaintiff–Appellee,**  )    ON APPEAL FROM THE
        )    UNITED STATES DISTRICT
v.  )    COURT FOR THE EASTERN
        )    DISTRICT OF KENTUCKY
LEONARD GLOVER,  )
        )
    **Defendant–Appellant.**  )    **OPINION**
        )

---

**BEFORE: MERRITT, MOORE, and GIBBONS, Circuit Judges.**

    **KAREN NELSON MOORE, Circuit Judge.** Leonard Glover appeals his 135-month sentence for distributing a controlled substance, arguing that the district court improperly deemed his prior conviction for Michigan unarmed robbery a "crime of violence," and therefore improperly applied to him the "career offender" sentencing enhancement. As Glover acknowledges, however, this argument is foreclosed by binding precedent. *See United States v. Fuller-Ragland*, 931 F.3d 456 (6th Cir. 2019). So we are duty bound to reject Glover's argument and to **AFFIRM** Glover's sentence in full.

    Under federal sentencing guidelines, a defendant is deemed a "career offender," if, among other things, he has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(a) (U.S. SENTENCING COMM'N 2018). And, the guidelines continue, a prior felony conviction is a "crime

of violence" if the crime either (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) is among a list of enumerated crimes. *Id.* § 4B1.2(a). To determine if a crime falls under the "elements clause," moreover, we apply a categorical approach. *See Fuller-Ragland*, 931 F.3d at 461. This means that, once we determine that a particular crime constitutes a crime of violence, that crime is categorically a crime of violence; it matters not the circumstances of a defendant's individual conviction. *Id.*

The crime at issue here is Michigan unarmed robbery, as amended in 2004. *See* Mich. Comp. Laws § 750.530. Glover argues that this crime is *not* a crime of violence under the sentencing guidelines' elements clause, citing, among other cases, *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017), where we held that Ohio robbery did not so qualify. The problem is, we explicitly rejected this argument in *Fuller-Ragland*, and held that Michigan unarmed robbery, as amended in 2004, *is* such a crime. *See* 931 F.3d at 459–65; *see also Chaney v. United States*, 917 F.3d 895, 897 (6th Cir. 2019) (holding that pre-2004 version of Michigan unarmed robbery is a crime of violence, too, under the Armed Career Criminal Act's (ACCA) identically worded elements clause). We reached this conclusion, moreover, with the guidance of a recent Supreme Court decision addressing, and rejecting, analogous contentions to those offered by Glover here. *See Stokeling v. United States*, 139 S. Ct. 544, 548 (2019) (holding that Florida robbery is a crime of violence). And although Glover nonetheless insists that *Fuller-Ragland* was wrongly decided, and that we should overrule it, it is well established that "[o]ne panel of this court may not overrule the decision of another panel; only the en banc court or the United States Supreme Court" may do that. *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017).

We affirm.