CLD-172                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3580
_____

DURYANE CHANEY,
                                        Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-00223)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 6, 2021
Before:  RESTREPO, MATEY, and SCIRICA, Circuit Judges

(Opinion filed June 11, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Duryane Chaney appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons detailed below, we will summarily affirm the District Court's judgment.

In 2013, Chaney pleaded guilty in the United States District Court for the Eastern District of Michigan to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1). The District Court concluded that Chaney qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA) because he previously had been convicted of a serious drug offense and two violent felonies, including a 1981 Michigan conviction for attempted unarmed robbery. His direct appeal was unsuccessful.

Chaney filed a motion under 28 U.S.C. § 2255, alleging that his attempted unarmed robbery conviction did not qualify as a violent felony following Johnson v. United States, 576 U.S. 591 (2015). Johnson held that the residual clause in the ACCA's definition of "violent felony" is unconstitutionally vague. Id. at 606. The District Court denied the § 2255 motion but granted a certificate of appealability. United States v. Chaney, No. 13-20582, 2017 WL 3499936 (E.D. Mich. Aug. 16, 2017). The Sixth Circuit affirmed the denial of the § 2255 motion, holding that Chaney's attempted unarmed robbery conviction is categorically a violent felony under the ACCA's still-valid elements clause. Chaney v. United States, 917 F.3d 895, 900 (6th Cir. 2019), cert. denied, 140 S. Ct. 265 (2019). Later,

the Sixth Circuit denied Chaney's application to file a second or successive § 2255 motion. In re Chaney, C.A. No. 20-1181 (6th Cir. July 17, 2020).

In November 2020, Chaney, who was incarcerated at FCI Loretto in Cresson, Pennsylvania, filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania. He alleged that "in light of Johnson, Mathis [v. United States, 136 S. Ct. 2243, 2253-54 (2016),] and Descamps [v. United States, 570 U.S. 254 (2013), 28 U.S.C.] § 2255 is inadequate and ineffective to test the legality of his detention." A Magistrate Judge recommended that the petition be dismissed, explaining that Chaney could not proceed under § 2241 because his sentencing error claim did not fit within the exception afforded by § 2255's savings clause. Over Chaney's objections, the District Court dismissed Chaney's § 2241 petition for lack of jurisdiction. Chaney filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences." Okereke v. United States, 307

3

F.3d 117, 120 (3d Cir. 2002). The "savings clause" contained in § 2255(e) provides an exception to this rule when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e); see Cradle, 290 F.3d at 538. This narrow exception applies in only rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017); see also Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019).

Assuming without deciding that Chaney's sentencing challenge is cognizable under § 2241, we conclude that relief is unavailable because § 2255 was not an inadequate or ineffective remedy for Chaney's claim. Indeed, the claim raised in Chaney's § 2241 petition is substantially identical to the one raised and rejected in his § 2255 motion proceedings.[1] Because Chaney had an earlier opportunity following Johnson to challenge whether his conviction for attempted unarmed robbery qualifies as a violent felony, relief under § 2241 is unavailable. See Bruce, 868 F.3d at 180 (stating that "[w]hat matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the

---

[1] Chaney's § 2241 petition relied in part on Mathis v. United States, 136 S. Ct. 2243, 2253-54 (2016), which provided guidance as to when the modified categorical approach (as opposed to the categorical approach) should be employed to determine whether a prior conviction qualifies as a predicate offense under the ACCA. Although Chaney did not cite Mathis in his § 2255 motion, he could have raised a claim based on Mathis in that proceeding, as his § 2255 motion was still pending when Mathis was decided in June 2016.

intervening Supreme Court decision issued").  Consequently, the District Court properly

dismissed Chaney's § 2241 petition.

For the foregoing reasons, we will summarily affirm the District Court's judgment.