**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4374

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAILE HUEY, a/k/a Jamaile L. Huey,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00030-1)

Submitted:  April 25, 2023                                           Decided:  October 12, 2023

Before WYNN, THACKER, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Wesley P. Page, Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Charleston, West Virginia, Courtney L. Cremeans, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamaile Huey pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Huey to 80 months' imprisonment. On appeal, Huey contends the district court erred in concluding that his 2000 and 2002 convictions for unarmed robbery under Michigan Compiled Laws (M.C.L.) § 750.530 were "crimes of violence" as defined in U.S.S.G. § 4B1.2(a), and abused its discretion in imposing a special condition of supervised release requiring Huey to submit to warrantless searches by a probation officer with reasonable suspicion of a supervised release violation.

We review de novo whether a prior conviction qualifies as a crime of violence under the United States Sentencing Guidelines. *United States v. Simmons*, 917 F.3d 312, 316 (4th Cir. 2019). The Guidelines define "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." U.S.S.G. § 4B1.2(a).

Robbery, as used in the crime of violence definition, is "the misappropriation of property under circumstances involving [immediate] danger to the person." *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017) (internal quotation marks omitted). The "immediate danger" element is categorically satisfied by taking property "from a person or

2

person's presence by means of force or putting in fear." *Id.* at 157 (internal quotation marks omitted). And larceny becomes robbery when the offender takes property by using force or by threatening immediate physical harm, which may be express or implicit so long as it is sufficient to induce the victim to part with the property. *Id.*

Michigan's unarmed robbery statute, as it existed in 2000 and 2002, is a categorical match for this definition of robbery. M.C.L. § 750.530 punishes taking property from a person or in his presence "by force and violence, or by assault or putting in fear." *Chaney v. United States*, 917 F.3d 895, 899 (6th Cir. 2019) (internal quotation marks omitted). It requires the forcible taking of another's property by violence or "putting [him] in fear of immediate injury." *Id.* at 900–01. Thus, Michigan unarmed robbery, just as generic robbery, requires the perpetrator to use force or put the victim in fear of immediate danger to induce the victim to part with his or her property, and it consequently qualifies as a crime of violence under the enumerated offenses clause in U.S.S.G. § 4B1.2(a)(2).

As for Huey's challenge to the special condition of supervised release, we review the imposition of that condition for abuse of discretion. *United States v. Dotson*, 324 F.3d 256, 259–60 (4th Cir. 2003). District judges exercise "broad latitude" and significant discretion when imposing conditions of supervised release. *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021). "A district court can impose a discretionary supervised release condition if it is 'reasonably related' to various enumerated sentencing factors," does not involve any greater deprivation of liberty than reasonably necessary, and is "'consistent with any pertinent policy statements issued by the Sentencing Commission.'"

3

*United States v. Blake*, 841 Fed. App. 535, 540 (4th Cir. 2021) (quoting 18 U.S.C. § 3583(d)).

The district court thoroughly explained its reasons for imposing the condition requiring Huey to submit to a warrantless search by a probation officer with reasonable suspicion, including, consistent with Section 3583(d), his criminal history, prior unarmed robbery convictions, numerous parole violations, and his commission of subsequent crimes while on parole from previous convictions. The district court observed that Huey's patterns of behavior exhibited a "willingness in the past to essentially ignore his obligations to law enforcement and supervision," and that because any search under the condition would need to arise out of the probation officer's reasonable suspicion and be at a reasonable time and place, the condition was not a greater deprivation of liberty than necessary. J.A. 52. "[T]he condition reasonably closes gaps in the probation officer's authority to ensure [Huey] does not recidivate, while tempering the probation officer's discretion by limiting permissible searches to those conducted in a reasonable time and manner and on reasonable suspicion of a supervised release violation," therefore imposing it was not an abuse of discretion. *Blake*, 841 Fed. App. at 540.

Accordingly, we affirm Huey's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4